In re Brenda Joanne BETHUNE.

Brenda Joanne BETHUNE, Plaintiff,

v.

STUDENT LOAN GUARANTEE FOUNDATION OF ARKANSAS; University of Arkansas at Monticello, Defendants.

Bankruptcy No. 93–50206S.
Adv. No. 93–5015.

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

March 4, 1994.

Floyd Taylor, Monticello, AR, for debtor/plaintiff.

Connie Meskimen, Little Rock, AR, for Student Loan Guarantee.

Ginger Crisp, Fayetteville, AR, for University of AR at Monticello.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the trial of the complaint to determine the dischargeability of a student loan on the grounds of hardship. The matter was called for trial on March 1, 1994, the defendants appearing by Connie Meskimen for the Student Loan Foundation of Arkansas, and Ginger Crisp for the University of Arkansas at Monticello. The plaintiff appeared, together with her attorney, Floyd Taylor. During trial, the debtor moved to dismiss the University of Arkansas at Monticello as a party defendant.[1]

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(I).

■ Under the Bankruptcy Code:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless—

(B) Excepting such debt from discharge under this paragraph will impose an undue hardship in the debtor and the debtor's dependents.

11 U.S.C. § 523(a)(8)(B). In determining whether to discharge a student loan under this paragraph, the courts generally employ a three-prong test derived from *Higher*

*Educ. Assist. Agency v. Johnson (In re Johnson),* 5 Bankr.Ct.Dec. 532 (Bankr. E.D.Pa.1979), which looks to the debtor's present and future needs, the debtor's good faith, and whether the policies of the Bankruptcy Code are met. Of course, it is the debtor's burden to demonstrate that debt should be discharged. *Boston v. Utah Higher Education Assistance Authority,* 119 B.R. 162 (Bankr.W.D.Ark.1990). In this case, the debtor cannot meet even one of the tests.

### The Mechanical Test

■ The Court first looks to the debtor's past and current financial resources, as well as future resources and prospects in light of the debtor's skills, educational level, employment record, and ability to obtain and retain employment. In addition, the reasonableness of debtor's expenses must be analyzed. *In re Andrews,* 661 F.2d 702 (8th Cir.1981). The primary question for a court is whether the debtor's future financial resources for the longest foreseeable period of time allowed for repayment of the loan will be sufficient to support the debtor (and dependents) at a subsistence or poverty standard of living as well as to fund repayment of the loan. If a subsistence level standard of living can be maintained while also repaying the loan, the courts generally will deny discharge of the debt.

In this instance, there is no credible evidence that the debtor's present and future income will be insufficient to meet her daily expenses and pay on the student loans. Indeed, the evidence does not even indicate a present inability to pay. The debtor testified that she was currently paying one of the student loans, and intended to pay it in full.[2] Although the amounts of the two loans are different, the Court does not view this as a reasonable basis for distinguishing the two loans. This is particularly true, where, as here, the debtor appears to be retaliating against the Arkansas Student Loan Guarantee Foundation of Arkansas for garnishing her wages.

---

1. The United States was initially named as a party to this action, but was later dismissed as it had no interest in the proceeding.

2. It was this testimony that prompted dismissal of the University of Arkansas at Monticello as a party defendant.

The debtor's current resources appear to be fully adequate to support herself and her four children, despite her avowal that she only receives $360 per month in income from her part-time job. The debtor testified that, in the past her ex-husband supported her and their children by providing a home, paying utilities and other items of support. It is contemplated that the ex-husband will continue support in this manner. Although there was some contradictory testimony on the issue, it appears that the ex-husband is currently supporting the debtor and her children. There was some evidence that the Student Loan Guarantee Foundation of Arkansas ceased a garnishment on the ex-husband's wages[3] in September 1993. Since this was the purported reason he ceased assisting in support, and debtor has made no attempt to obtain a support order, the inference clearly exists that the ex-husband is also currently supporting the family. The fact that he is currently looking for a house to purchase for their habitation supports this conclusion. Thus, for the foreseeable future the debtor's financial resources are sufficient to support herself and her children while yet paying the student loans. This conclusion is further supported by the debtor's schedules which indicate that she has no difficulty in paying her debts as they come due. Indeed, her only debts are three small medical bills and the student loans. This uncommon situation, if true, indicates that she has no difficulty in supporting herself and her children.

Moreover, while she did not complete a college degree, the debtor is only one course shy of obtaining a degree. Thus, her educational level supports the finding that her future income in all likelihood will be sufficient to pay the student loan.

### The Good Faith Test

The good faith test is based on the Bankruptcy Code policy of affording a fresh start to an honest debtor. The courts review the debtor's efforts to obtain employment, attempts to maximize income, minimize expenses, and the reasons for insolvency. For example, if the debtor was negligent or irresponsible in his or her efforts to minimize expenses, maximize resources, or secure employment, a court may deny a hardship discharge even though the mechanical test is met. The evidence was uncontroverted that the debtor made no voluntary payments on her student loan to the Student Loan Guarantee Foundation.

In the instant case, there is some evidence that the debtor has attempted to obtain additional employment. However, although she testified that she even applied at "convenience stores," it appears that she only applied for management positions. While the schedules admitted into evidence do not show any excessive expenditures, or a failure to maximize resources, the Court does not believe the schedules are accurate for purposes of this hearing since they do not reflect the significant support provided by her ex-husband.

The Court adopts as a factor to be considered in this test whether the debtor has made any effort to pursue any administrative remedies offered by the student loan creditors. Debtors facing hardship are eligible for deferment of student loans, as well as other administrative remedies. In cases such as this, where the student loan is the majority of the debt, bankruptcy could have been avoided by simply exploring those administrative remedies.[4]

### The Policy Test

The policy test looks to whether the dominant purpose of the bankruptcy was to avoid payment of the student loans and, secondly, whether the debtor derived a benefit from

---

3. The ex-husband is a co-signer on the student loan note.

4. Indeed, the debtor's ex-husband did just that. After his wages were garnished, he reached an agreement with the Student Loan Guarantee Foundation of Arkansas to make payments on the loan. Since the ex-husband is now able to resume (or has already) supporting his family, it appears that the payments are less than the garnishment amount.

 The testimony also indicated that these administrative remedies are so flexible, that, despite her actions, the debtor could seek deferment, and upon completion of a rehabilitation program, could qualify for other student loans in order to complete her degree.

the education obtained through the loan. If the answer to either inquiry under the policy test is yes, discharge is generally denied.

The evidence is overwhelming that the debtor fails the policy test. The debtor testified that the primary purpose for filing bankruptcy was to discharge her student loan obligations. The schedules demonstrate that of her $15,609 scheduled debt, all but $625 is student loan debt. Thus, 95.9% of her total debt is attributable to total student loans and 92.9% is attributable to her loan guaranteed by the Arkansas Student Loan Guarantee Foundation. Inasmuch as the debtor's sole purpose in filing bankruptcy was to discharge the student loan, rather than to avoid falling below subsistence level, the debt will not be discharged. *See Koch v. Penn. Higher Education Assistance Agency,* 144 B.R. 959, 964, 966 (Bankr.W.D.Pa.1992) (98.39% of debt was student loan); *Woyame v. Career Education & Management,* 161 B.R. 198 (Bankr.N.D.Ohio 1993) (over 50% of debt was student loan); *Silliman v. Nebraska Higher Education Loan Program,* 144 B.R. 748 (Bankr.N.D.Ohio 1992) (41% student loan debt indicated bad faith).

The failure to meet the policy test is further exacerbated by the inference that the purpose for filing bankruptcy was solely to discharge one particular student loan. Since the loans at issue were obtained for the same college studies, toward one particular degree, it is inherently unfair to seek to discharge one of the student loans, but not the other. The fact that one of the loans is minute compared to the other is of no import. Since the debt to the University of Arkansas is small, it will be paid in a relatively short period of time, after which she can pay on the other student loan. If she can voluntarily make payments on one loan, she has sufficient income to subsist at a reasonable level while yet paying her student loans.

Finally, the debtor obtained a benefit from the education. While she did not in fact receive a degree, she left the University voluntarily, failing to complete the degree by her choice. The debtor failed her final course because she submitted a plagiarized paper. She was given, in writing, the opportunity to submit another paper in order to complete the course and thus obtain her degree. She elected to fail the course. Amazingly, even though she failed to obtain a diploma or other documentation of a degree, she represented to potential employers that she in fact.has a degree in education. Since she was in fact hired by a school district, she benefited from the education.

Finally, the Court finds that the debtor was not a credible witness. Her fast-talking, manipulative, and contradictory testimony demonstrated a lack of good faith and honesty. The evidence clearly and convincingly demonstrated that paying the student loans will not constitute an undue hardship for this debtor. Inasmuch as the debtor has failed to meet her burden of proof as to the Student Loan Guarantee Foundation of Arkansas, and has moved for dismissal of the University of Arkansas at Monticello, it is

**ORDERED** that the Motion to Dismiss the University of Arkansas at Monticello as a party defendant, Fed.R.Civ.Proc. 41, is GRANTED. It is

**FURTHER ORDERED** that the student loan obligations owed by the debtor, Brenda Joanne Bethune, to the Student Loan Guarantee Foundation of Arkansas are nondischargeable in this bankruptcy proceeding pursuant to Bankruptcy Code section 523(a)(8)(B). A separate judgment will be entered.

**IT IS SO ORDERED.**

### *JUDGMENT*

This action came on for trial before the Court, Honorable Mary Davies Scott, U.S. Bankruptcy Judge, presiding, and the issues having been duly tried and a decision having been duly rendered,

It is Ordered and Adjudged that the student loan debts owed by the debtor plaintiff Brenda Joanne Bethune to the defendant Student Loan Guarantee Foundation of Arkansas are nondischargeable in this bankruptcy case pursuant to 11 U.S.C. § 523(a)(8)(B).

It is So Ordered.